IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3170-F

| | | |
|---|---|---|
| AVIS WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROBERT ROLLINS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon Plaintiff's motion for reconsideration [DE-8]. Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on July 1, 2014. Compl. [DE-1]. In an order filed on January 28, 2015 [DE-6], this court dismissed Plaintiff's complaint without prejudice because it was apparent from the face of the complaint that he had not exhausted his administrative remedies. Plaintiff filed the instant motion of February 23, 2015 [DE-8].[1]

The Federal Rules of Civil Procedure do not expressly recognize "motions for reconsideration." Instead, Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, and Rule 60 provides for relief from judgment. See Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 n.4 (4th Cir. 2011). A motion to alter or amend filed within 28 days of the

---

[1] Plaintiff has also filed a notice of appeal [DE-9]. As a general rule, the filing of a notice of appeal divests the district court of jurisdiction. Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (per curiam). Even so, the Federal Rules of Appellate Procedure explicitly recognize an exception, and Rule 4(a)(4)(B)(i) allows this court to decide the instant motion while the appeal is pending. See Fed. R. App. P. 4(a)(4)(B)(i) (setting forth the procedures for the effect of a motion on a notice of appeal); see also Wheeler v. Accrediting Council for Continuing Educ. & Training, 70 F.3d 114, 114 (4th Cir. 1995) (per curiam) (holding that the pro se plaintiff's notice of appeal was not effective until the motion for new trial was resolved).

judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. See Fed. R. Civ. P. 59(e); MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 280 (4th Cir. 2008); In re Burnley, 988 F.2d 1, 2-3 (4th Cir. 1992); Bell v. United States, No. CIV.A RDB-11-1086, 2015 WL 433604, at *1 (D. Md. Feb. 2, 2015). Because Plaintiff filed the instant motion within 28 days of the judgment, it shall be analyzed under Rule 59.

Rule 59(e) of the Federal Rules of Civil Procedure permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotations omitted); see also Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). However, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." Pacific Insurance Company, 148 F.3d at 403. Rather, amending or altering a judgment is an extraordinary remedy that should be applied sparingly. EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997).

Because he does not identify a change in the controlling law or previously unavailable evidence, Plaintiff presumably seeks to correct a clear error of law or prevent manifest injustice. Where a party seeks reconsideration on the basis of manifest error, the earlier decision cannot be

2

"just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week old, unrefrigerated dead fish." TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009) (quoting Bellsouth Telesensor v. Info. Sys. & Networks Corp., Nos. 92–2355, 92–2437, 1995 WL 520978 at *5 n.6 (4th Cir. Sept. 5, 1995)).

Here, Plaintiff contends that he was not required to exhaust his administrative remedies because his claims "are unrelated to prison life." Mot. [DE-8]. This allegation does not demonstrate that the dismissal of Plaintiff's claims was manifestly unjust. Even if Plaintiff was not required to exhaust, his claims are still frivolous on their face. Specifically, Plaintiff contends that Defendants violated his right to medical privacy. This allegation fails to state a viable claim. See e.g., Cooke v. U.S. Bureau of Prisons, 926 F. Supp. 2d 720, 736 (E.D.N.C. 2013) ("As for plaintiffs' Fifth Amendment claim that they have been denied a constitutional right to privacy in medical treatment, the Supreme Court has never held that an inmate has a constitutional right to privacy in medical treatment."); Rollins v. Miller, No. 1:12–CV–298–RJC, 2012 WL 4974966, at *2 (W.D.N.C. Oct.17, 2012) ("[N]either the U.S. Supreme Court nor the Fourth Circuit has ever recognized a constitutional right in the privacy of prisoners' medical records."); Sherman v. Jones, 258 F. Supp. 2d 440 (E.D.Va. 2003) ("[T]here is no general fundamental constitutional right to privacy in personal medical information."); Adams v. Drew, 906 F. Supp. 1050, 1058 (E.D. Va. 1995) ("Absent clear authority from the Fourth Circuit or the Supreme Court, this court does not find as a matter of law, under the facts of this case, that a constitutional right to privacy of medical information exists."). Accordingly, Plaintiff's argument fails to satisfy the standard established in Rule 59(e), and his motion for reconsideration [DE-8] is DENIED.

SO ORDERED. This the 18 day of June, 2015.

                                      *James C. Fox*
                                  JAMES C. FOX
                                  Senior United States District Judge